IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VERONICA CHALOUPKA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:17-CV-782-WC |
| | ) JURY TRIAL REQUESTED |
| AUBURN UNIVERSITY, and | ) |
| MR. SAM COFER, in his official capacity as IT Manager of Database Administrator and System Administrator at AUBURN UNIVERSITY for injunctive and equitable relief on PLAINTIFF'S age discrimination claim and for PLAINTIFF'S race discrimination claim in his official and individual capacities; and | ) |
| DR. STEVEN LEATH, in his official capacity as President of AUBURN UNIVERSITY for PLAINTIFF'S age discrimination claim only, | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Veronica Chaloupka, by and through her undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1.      Plaintiff Chaloupka files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil

1

Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendants' discrimination against Plaintiff.

2.    Plaintiff Chaloupka filed a charge of race and retaliation discrimination with the Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on October 20, 2016. (EEOC Charge No. 420-2017-01173). Plaintiff Chaloupka filed a supplemental charge of race, sex, retaliation, and age discrimination with the EEOC on March 29, 2017. (also EEOC Charge No. 420-2017-00173). Plaintiff received a right-to-sue on September 15, 2017, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (*See* Exhibit A, attached). Meanwhile, on September 8, 2017, Plaintiff Chaloupka filed a second supplemental charge (third overall) based on race, sex, age, and retaliation alleging a cold and hostile working environment related to race and retaliation and alleging a constructive discharge leading to her termination. Plaintiff has yet to receive a right-to-sue on said third charge but will properly amend in said third charge into this Complaint as soon as she receives an additional right-to-sue.

3.    Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Lee County, Alabama.

## II. PARTIES

4.    The named Plaintiff, Veronica Chaloupka (hereinafter "Plaintiff" or "Mrs. Chaloupka"), is a citizen of the United States and a resident of Lee County, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Auburn University (hereinafter "Defendant" or "Auburn University"), is a state entity located in Auburn, Alabama. At all times relevant to this complaint, Plaintiff was employed by Auburn University.

6. The Defendant, Mr. Sam Cofer, is the IT Manager of Database Administrator and System Administration at Auburn University and he is named in his official capacity for injunctive and equitable relief under *Ex Parte Young*, 209 U.S. 123(1908) *and Cobb v. State of Alabama*, 2011 WL 3666696 (M.D. Ala., 2011). Said claim asserted against Mr. Cofer is only asserted against him in his official capacity for injunctive and equitable relief and for Plaintiff's age discrimination claim only. However, Plaintiff's claims for race and retaliation are also alleged, especially under 42 U.S.C. § 1981 and 1981(a).

7. The Defendant, Dr. Steven Leath, is the President of Auburn University, and is named in his official capacity only as a substitute for Dr. Jay Gogue, who recently retired as the President of Auburn University. Dr. Leath is being sued for injunctive and equitable relief under *Ex parte Young*, 209 U.S. 123 (1908). Dr. Leath was acting under color of state law and Auburn University's rules and regulations, and is named in his official capacity only for the age discrimination claim asserted herein.

### III. STATEMENT OF FACTS

8. Plaintiff Chaloupka is a fifty-five-year-old female of African-American descent. Plaintiff Chaloupka began working at Auburn University on or about September 1, 1996 as a bookkeeper. In her most recent job at Auburn University she was as an employee of the Office of Information Technology ("OIT").

9.  On or about July 27, 2015, Defendant Sam Cofer, a Caucasian male in his mid-twenties, was hired as the IT Manager of database Administrator and System Administration. Ever since Defendant Cofer's hiring, Defendant Cofer has publicly and privately belittled and demeaned Plaintiff Chaloupka, yelled at her, and not treated her in a polite manner as compared to her Caucasian co-workers.

10. In addition, Defendant Cofer continually refused to send Plaintiff Chaloupka to training and would not even allow her to receive training from the vendors/consultants who came to the office to conduct training.

11. Plaintiff Chaloupka avers that she was the only African-American employee under Defendant Cofer's supervision.

12. On or about May 1, 2016, Plaintiff Chaloupka filed an internal complaint with upper management in her department regarding the racially discriminatory treatment imposed upon her by Defendant Cofer, as compared to her non-African-American co-workers.

13. During May 2016, after filing her internal complaints, Defendant Cofer began requiring Plaintiff Chaloupka to send him a weekly update on her work activities. This was not required of Plaintiff Chaloupka's co-workers. Nonetheless, Plaintiff did send the weekly update requested.

14. In June 2016, Plaintiff Chaloupka received the worse performance review she had ever received during her twenty years of employment with Auburn University. Prior to the arrival of Defendant Cofer, Plaintiff Chaloupka received excellent ratings for her performance. This was after Defendant Cofer had first stated that he could not fire Plaintiff Chaloupka, but in an effort to get rid of her, Defendant Cofer stated he would

give Plaintiff Chaloupka a bad performance review and limit her bonuses and merit increases.

15. On or about June 30, 2016, Defendant Cofer advertised Plaintiff Chaloupka's position for hire without her knowledge.

16. On or about July 1, 2016, Human Resources Director Linda Evans informed Plaintiff Chaloupka that Auburn University's Affirmative Action/EEO Department would contact her regarding her complaints, but they did not. As a result, on or about July 15, 2016, Plaintiff Chaloupka filed a formal race discrimination complaint with Auburn University's Affirmative Action/EEO Department. On or about September 7, 2016, Auburn's own EEO investigator, in a very self-serving statement, informed Plaintiff Chaloupka that the department could not find sufficient evidence to support her being discriminated against due to her race, nor could the EEOC confirm that Auburn University was in compliance with the statute. Nonetheless, Plaintiff Chaloupka continued to be subjected to discrimination by Defendant Cofer and Auburn University.

17. During October 2016, Defendant Cofer continued to refuse to send Plaintiff Chaloupka outside the company for training. In addition, Plaintiff Chaloupka was not allowed to receive in house training from vendors/consultants. Defendant Cofer stated that he would develop a test for Plaintiff Chaloupka to determine if she was capable of being trained. This has not previously been the practice at Auburn University, and none of Plaintiff Chaloupka's Caucasian co-workers were ever subjected to this condescending prerequisite before being sent to training.

18. Plaintiff Chaloupka avers that Defendant Cofer attempted to isolate her and ostracize her, in retaliation of her first charge, and related to her race and age, or a combination thereof. Defendant Cofer even moved Plaintiff Chaloupka away from being directly across the hallway from him, to a difference cubicle, so she was "out of sight" and "out of mind."

19. Plaintiff further avers that, before she left her employment as described in paragraph 21 below, the Defendant Cofer brought in a much younger male, age 27, to replace her, even though Plaintiff was required to train her future replacement. Plaintiff also avers that another older employee unhappy with how he was being treated by Defendants retired and was replaced by a much younger, approximately 33 years old, employee. This helps to establish a pattern and practice of age discrimination by Auburn University, at least in its IT department.

20. Plaintiff Chaloupka avers that the cold and hostile and discriminatory working environment she was subjected to caused her to experience higher blood pressure and extreme mental anguish.

21. On or about September 1, 2017, Plaintiff Chaloupka informed Auburn University of her constructive resignation, due to a pervasive cold and hostile working environment related to race discrimination and retaliation at the OIT office. Plaintiff Chaloupka avers she had no alternative but to resign in order to protect her sanity, and that no reasonable employee would continue to work in the environment of which she was subjected.

22. As a result of this illegal discrimination and retaliation practiced against her, Plaintiff Chaloupka has lost income and benefits and suffered severe mental and

emotional anguish. In addition, Plaintiff Chaloupka has incurred the expense of an attorney's fee.

## IV. PLAINTIFF'S CAUSES OF ACTION

## COUNT ONE - RACE DISCRIMINATION

23. Plaintiff Chaloupka repeats, realleges and incorporates by reference paragraphs 1 through 22 above, the same as if more fully set forth herein, and further avers that the Defendant Auburn's and Cofer's actions toward her violated Plaintiff's right to be free of race discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), 42 U.S.C. § 1981 and § 1981(a), as amended by the 1991 Civil Rights Act.

24. As a proximate cause of said Defendants' afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 21 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

25. Plaintiff avers that she has pursued and exhausted her administrative remedies.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendants Auburn University and Cofer discriminated against Plaintiff, on the basis of Plaintiff's race;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendants;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO - RETALIATON DISCRIMINATION AND COLD AND HOSTILE WORKING ENVIRONMENT

26. Plaintiff Chaloupka repeats, realleges and incorporates by reference paragraphs 1 through 22 above, the same as if more fully set forth herein, and further avers that the Defendants' actions toward her, including the unlawful retaliation against her for having filed her EEOC charge in the first place, also violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000e, et seq.), as amended by the 1991 Civil Rights Act.

27. As a proximate cause of Defendants' afore-described actions of unlawful retaliation against Plaintiff, resulting in a pervasive cold and hostile working environment and constructive discharge, the Plaintiff was injured and damaged, as set forth in

paragraphs 1 through 22 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

28. Plaintiff avers that he has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Court grant the following relief:

a) A declaratory judgment declaring that the Defendants Auburn University and Cofer have unlawfully retaliated against the Plaintiff;

b) An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

c) An award of punitive damages, due to the egregious nature of Defendants' wrongdoing.

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT THREE – AGE DISCRIMINATION

29. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 22 above, the same as if more fully set forth herein, and further avers that the individual Defendants Cofer and Leath have discriminated against Plaintiff due to her age, and violated the very rules and restrictions against age discrimination that Auburn

University (for whom the individual defendants work), advertise and publicize in the literature that Auburn University and the individual Defendants subscribe to.

30. Plaintiff avers that the aforesaid actions of said individual Defendants violated 29 U. S. C. Section 621, prohibiting age discrimination in employment. Said individuals were also acting under color of state law in their unlawful discriminating actions, and, as such, also violated 42 U.S.C. Section 1983.

31. Auburn University, by its own handbook and professed self-regulation through its own EEO policies, states publicly and to its employees that it conforms to federal laws prohibiting age discrimination in employment. As such, it has either waived its sovereign immunity defense, or alternatively professes that, notwithstanding said status, it will comply with federal age discrimination laws nonetheless, including penalties for failure to comply. Thus, Plaintiff Chaloupka avers that Auburn University is liable under federal age discrimination statues, and Defendants Leath and Cofer are liable in their official capacities because they have a duty to ensure that Auburn University complies with the law, and complies with its own well-advertised policies.

32. Plaintiff avers that she has suffered economic damage as a proximate cause of said age discrimination, in that she has lost a well-paying job with good health insurance (much needed at her age) and other economic benefits. Plaintiff avers that the age discrimination practiced against her was willful, thus entitling her to liquidated damages.

33. Plaintiff further avers that she has pursued and has exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order:

a) Reinstating Plaintiff to her job position with all the same benefits and privileges as if she had never been terminated and enjoining the Defendants from failing to reinstate Plaintiff, due to discrimination against Plaintiff due to her age;

b) Awarding Plaintiff her costs in this action, including a reasonable attorney's fees; and

c) Granting Plaintiff such other further and different relief to which she may be entitled.

Respectfully submitted this 15th day of November, 2017.

Veronica Chaloupka, Plaintiff

/s/ Julian McPhillips
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

OF COUNSEL:
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321    FAX
julianmcphillips@msg-lawfirm.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

_____
OF COUNSEL